IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| OTIS ROBINSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CAUSE NO. 04-CV-927-WDS |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

### MEMORANDUM & ORDER

**STIEHL, District Judge:**

Before the Court is petitioner Otis Robinson's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. 1), to which the government has filed a response (Doc. 5).

### BACKGROUND

On December 18, 1998, petitioner was sentenced to 34 months' imprisonment and six years' supervised release following a conviction for dealing crack cocaine in a school zone. *See United States v. Robinson*, 98-CR-30114-WDS. Following his release from this term of imprisonment, on August 4, 2000, petitioner was sentenced to 16 months' imprisonment and three years' supervised release for escaping from a halfway house. *See United States v. Robinson*, E.D.Mo., 00-CR-00226-DJS.

On March 21, 2003, a petition to revoke supervised release was filed in the Southern District of Illinois crack cocaine case. (Doc. 5-4). On January 13, 2004, the escape case was transferred to the Southern District of Illinois. (Doc. 5-5). On January 21, 2004, a petition to revoke supervised release was filed in the escape case, following allegations that petitioner committed six separate incidents of domestic battery, failed three drug tests and committed

various technical violations such as failing to report to his probation officer. (Docs. 5-6; 5-12, p. 2). Following a hearing, supervision was revoked in both cases on March 3, 2004. (Doc. 5-9). The Court imposed separate sentences for the crack cocaine and escape cases, totaling 26 months' imprisonment (to run consecutively) and 24 months' supervised release (to run concurrently).

Petitioner filed this § 2255 motion on December 14, 2004. (Doc. 1). Petitioner was released from prison on January 11, 2006, and is currently completing his supervised release. The motion before the Court remains pending because the petitioner is "in custody" within the meaning of § 2255. *See Kusay v. United States*, 62 F.3d 192, 193 (7th Cir. 1995). In his motion, petitioner argues three grounds for relief: (1) petitioner challenges the length of the sentence imposed upon revocation of supervised release, arguing that his sentence was a breach of his original "parole contract agreement;" (2) petitioner claims he received ineffective assistance of counsel at his revocation hearing in that counsel provided bad advice, neglected to present mitigating evidence, and "failed to present witness to confirm the truthfullness [sic] of my sentencing catagory [sic];" and (3) petitioner claims he was threatened and coerced into signing a plea agreement. (Doc. 1, p. 4).

## **ANALYSIS**

Grounds for relief pursuant to 28 U.S.C. § 2255 are more limited than grounds for relief on direct appeal. *See Massaro v. United States,* 538 U.S. 500, 504 (2003). Specifically, there are three issues that a § 2255 motion cannot raise: (1) issues that were raised on direct appeal, absent a showing of changed circumstances; (2) nonconstitutional issues that were not but could have been raised on direct appeal; and (3) constitutional issues that were not raised on direct appeal,

absent a showing either of good cause for the procedural default and actual prejudice stemming from the alleged error, or that the district court's failure to consider the claim would result in a fundamental miscarriage of justice. *McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996); *Degaglia v. United States*, 7 F.3d 609, 611 (7t Cir. 1993); *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992), *rev'd on other grounds*, *Castellanos v. United States*, 26 F.3d 717 (7th Cir. 1994). The cause and prejudice test applies both to defendants who collaterally attack a conviction following trial, and to defendants who are sentenced after a guilty plea and subsequently attack their sentence by raising new issues for the first time under § 2255. *Theodorou v. United States*, 887 F.2d 1336, 1339 (7th Cir. 1989).

**1.      Petitioner's sentence was proper.**

>   In his first argument, petitioner states as follows:

>>      The Court breached my parole contract agreement, which in part states that, "If a violation of parole is committed without the existence of a felony charge the guideline time of serving on such is to be 8 to 14 months.["] My parole violation didn't involve a felony charge and I was sentenced to 12 months over the maximum time allowed.

(Doc. 1, p. 4). Petitioner has not shown that he is entitled to bring this argument without having raised it on appeal; however, it fails in any event.

To begin with, the Court notes that there is no such thing as "parole" within the federal system, so the Court is unaware of what "patrol contract agreement" petitioner is quoting from, as he lists no reference and attaches no document. At the revocation hearing, after reviewing the petitioner's violations of the terms of his supervised release and criminal history, the Court concluded that under the Sentencing Guidelines, petitioner could have been sentenced to 8 to 14 months' imprisonment in the cocaine case, and 18 to 24 months in the escape case. Thus, under

the Guidelines, petitioner could have been sentenced to 38 months' imprisonment. The petitioner was sentenced to a total term of 26 months' imprisonment. (Doc. 5-9, p. 21). The Court **FINDS** that the petitioner was sentenced at the low end of the advisory guideline ranges and that both sentences imposed were within the statutory limits. Accordingly, petitioner's first argument fails on all grounds raised.

2.     **Petitioner cannot state a successful claim of ineffective assistance of counsel.**

Petitioner's second argument is that he received ineffective assistance of counsel in that his attorney provided bad advice, neglected to present mitigating evidence, and "failed to present witness to confirm the truthfullness [sic] of my sentencing catagory [sic]." (Doc. 1, p. 4). Petitioner did not raise this Sixth Amendment argument on appeal; however, an ineffective assistance of counsel claim may be brought in a collateral proceeding under § 2255 even though petitioner could have, but did not raise the issue on direct appeal. *Massaro v. United States*, 538 U.S. 500, 508 (2003).

In reviewing a claim of ineffective assistance, the Court will apply the familiar two-pronged test of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): First, the petitioner must prove that his counsel's performance "fell below an objective standard of reasonableness," *id.* at 688, and second, that but for counsel's deficiency, there is a reasonable probability that the outcome would have been different. *Id.* at 694. The defendant bears a heavy burden in showing that his counsel was ineffective and that his defense was actually prejudiced. *United States v. Holland*, 992 F.2d 687, 691 (7th Cir. 1993).

Petitioner offers no details as to what "bad advice" he received from his counsel at the revocation hearing, Mr. Phillip Kavanaugh. Likewise, he does not detail what "mitigating

evidence" Mr. Kavanaugh failed to present at the hearing. Nor does the petitioner state what witnesses he feels should have been brought forward and what they would have testified to.

Mr. Kavanaugh, on the other hand, presented an affidavit to the Court outlining his defense of the petitioner. (Doc. 5-12). The Court **FINDS** that Mr. Kavanuagh's performance was sufficient and that petitioner has failed to meet his burden of showing otherwise. Accordingly, petitioner's second argument fails on all grounds raised.

**3.     Petitioner was not coerced.**

In his third and final ground for relief, petitioner states that "Counsel appointed by the Court along with parole officer coerced and threatened me to sign the plea or face even more time." (Doc. 1, p. 4). Petitioner provides no factual details to support this bare assertion of coercion. After thoroughly reviewing the record, the Court finds no evidence supporting petitioner's claim. In fact, the record shows that petitioner actively participated in the revocation hearing. The Court **FINDS** that the petitioner understood his plea and made all admissions willingly and knowingly. Thus, this final argument also fails on all grounds raised.

## CONCLUSION

For the reasons set forth above, the Court **DENIES** petitioner's motion to vacate, set aside, or correct sentence (Doc. 1). The petition is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

**DATED:   July 10, 2007.**

> **s/ WILLIAM D. STIEHL**
> **DISTRICT JUDGE**